*mch*
KYH/JMM: 2025R00648

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. ABA-26-179 |
| | * | |
| v. | * | |
| | * | (Carjacking, 18 U.S.C. §§ 2119(1) and (2)); |
| KYLIN STUBBLEFIELD | * | Using, Carrying, |
| | * | Brandishing and Discharging a Firearm |
| | * | During and in Relation to a Crime of |
| | * | Violence, 18 U.S.C. § 924(c); Possession of |
| | * | a Firearm and Ammunition by a |
| | * | Prohibited Person, 18 U.S.C. § 922(g)(1); |
| | * | Forfeiture, 18 U.S.C. §§ 924(d), |
| | * | and 982(a)(5), 21 U.S.C. |
| | * | § 853(p), and 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INDICTMENT

### COUNT ONE
### (Carjacking)

The Grand Jury for the District of Maryland charges that:

On or about October 24, 2025, in the District of Maryland, the Defendant,

## KYLIN STUBBLEFIELD,

with the intent to cause death and serious bodily harm, took a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce, to wit, a 2018 Toyota Tacoma bearing Maryland tag number 5EH2289, from Victim 1 by force, violence, and intimidation, resulting in serious bodily injury that caused extreme physical pain and protracted loss or impairment of the function of a bodily member or organ to Victim 1.

18 U.S.C. § 2119(1)
18 U.S.C. § 2119(2)

1

## COUNT TWO
### (Using, Carrying, Brandishing and Discharging a Firearm During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

On or about October 24, 2025, in the District of Maryland, the Defendant,

**KYLIN STUBBLEFIELD,**

did knowingly use, carry, brandish and discharge a firearm, to wit, a SCCY Industries CPX-1 9mm

Luger firearm bearing serial number 937785, during and in relation to a crime of violence for

which he may be prosecuted in a court of the United States, that is, Carjacking, in violation of Title

18, United States Code, Section 2119, as alleged in Count One of this Indictment.

18 U.S.C. § 924(c)(1)(A)(iii)

2

## COUNT THREE
### (Possession of a Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about October 24, 2025, in the District of Maryland, the Defendant,

## KYLIN STUBBLEFIELD,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit, a SCCY Industries CPX-1 9mm Luger firearm bearing serial number 937785, and approximately eleven (11) rounds of 9mm ammunition, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

3

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.　　Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 924(d) and 982(a)(5), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Counts One through Three of this Indictment.

### Carjacking Forfeiture

3.　Upon conviction of the offense alleged in Count One of this Indictment, the Defendant,

### KYLIN STUBBLEFIELD,

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(5), any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such offense.

### Firearms and Ammunition Forfeiture

4.　　Upon conviction of the offenses alleged in Counts Two or Three of this Indictment, the Defendant,

### KYLIN STUBBLEFIELD,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in those offenses, including but not limited to:

    a.　a SCCY Industries CPX-1 9mm Luger firearm bearing serial number 937785;

    b.　approximately eleven (11) rounds of 9mm ammunition.

### Substitute Assets

5.　　If, as a result of any act or omission of the Defendant, any of the property described

above as being subject to forfeiture:

      a.  cannot be located upon exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third person;

      c.  has been placed beyond the jurisdiction of the Court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
18 U.S.C. § 982(a)(5)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Kelly O. Hayes /KyH

Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

FOREPERSON

DATE 5/27/26

5